AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

District of Maryland

| | |
|---|---|
| United States of America<br>v.<br><br><br><br>William G. HILLAR<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.   11-309-BPG

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of   July 7, 2010   in the county of   Anne Arundel   in the District of   Maryland  , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1341 (mail fraud) | having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, that is, an envelope containing a check in the amount of $2,145 from the Monterey Institute of International Studies, Monterey, California, to William G. Hillar, 472 Old Orchard Circle, Millversville, Maryland. |

This criminal complaint is based on these facts:

please see attached affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Special Agent David Rodski
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____ 1 - 21 -11

City and state:    Baltimore, Maryland

_____
Judge's signature

Beth P. Gesner, United States Magistrate Judge
_____
Printed name and title

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, David A. Rodski, Special Agent (SA) of the Federal Bureau of Investigation (FBI), United States Department of Justice,  having been duly sworn, state:

1.  I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for federal felony offenses.

2.  I am a Special Agent of the FBI and have been so employed for more than eight and a half years.  I am presently assigned to the Baltimore Field Office of the FBI.  During my tenure with the FBI, I have been assigned to the investigation of a variety of criminal offenses, to include drug trafficking, white collar crimes, bank robbery, and both domestic and international terrorism.  I have been the affiant on numerous search warrants.  I have personally prepared and participated in the execution of search and arrest warrants involving violations of federal criminal laws.  During the execution of these warrants, I have recovered and participated in the recovery of items of evidence which were later utilized in the successful prosecution of criminal offenses.  I am presently participating in the investigation of William G. HILLAR.

3.  I have been personally involved in the investigation of this matter.  This affidavit is based on information obtained from law enforcement and government personnel; witness statements; my personal knowledge and observations; and my examination of various

1

11-309 -BPG

reports, documents, records, and computer databases. Unless otherwise indicated, when the contents of a document, or an individual's statement, are reported herein, they are reported in substance and part and are not intended to be a verbatim recitation of the document or statement. The information in this affidavit is provided for the limited purpose of establishing probable cause and is not a complete statement of all facts related to this case.

4. This affidavit is made in support of a criminal complaint charging William G. Hillar, with on or about July 7, 2010, for the purpose of executing and attempting to execute a scheme to defraud, knowingly caused to be delivered by mail to according to the direction thereon, mail matter, that is, an envelope containing a check in the amount of $2,145 from the Monterey Institute of International Studies, Monterey, California, to defendant William G. HILLAR in Millversville, Maryland.

5. Investigation has revealed that HILLAR has been teaching, leading workshops, giving speeches, and conducting training for public and private sector clients for at least the past ten (10) years under fraudulent pretenses.

6. HILLAR appears to conduct training through a business named "Bill Hillar Training" that lists 472 Old Orchard Circle, Millersville MD 21108 as its business address. HILLAR has issued invoices to various clients under the name "Bill Hillar Training." "Bill Hillar Training" is also the registrant for <billhillartraining.com>.

2

11-309-BPG

7. On November 22, 2010, an open source internet search conducted on the website <billhillartraining.com> revealed that that website was down and no longer accessible. Through a search of Internet Web Archives using public database and archive sites, archived web pages were found including a biography of Bill Hillar, courses taught, client testimonials, training for public occupations, and contact information. All information had previously been posted on the web page <billhillartraining.com> prior to the web site being taken down. That website contained a "Bio Info" page that stated *"William G. Hillar is a retired Colonel of the U.S. Army Special Forces. He has served in Asia, the Middle East, and Central and South America, where his diverse training and experiences included tactical counter-terrorism, explosive ordnance, emergency medicine and psychological warfare."* It also stated that HILLAR *"holds a B.A. in Psychology, and M.A. in Education, a Ph.D. in Health Education, and an honorary Doctorate in Intercultural Relations."* A resume provided by HILLAR to at least one of his clients states that his Ph.D. was awarded by the University of Oregon.

8. On November 22, 2010, your affiant received notification from The Department of Defense, Inspector General, St. Louis, MO, that a search of military and civilian records at the National Archives and Records Administration for HILLAR provided a negative response for any records of service with the U.S. Army. The search was able to locate a U.S. Coast Guard service record for HILLAR under his service number for the years 1962-1970 that indicated HILLAR was an enlisted sailor in the U.S. Coast Guard Reserves achieving the rate of RD3 (Radarman, Petty Officer Third Class). A review of the U.S. Coast Guard service record received by your affiant on November 30, 2010 also

3

11-309-BPG

revealed that HILLAR was never deployed to any of the locations mentioned on his website, Asia, the Middle East, and Central and South America, nor had any documented training in the fields of tactical counter-terrorism, explosive ordnance, emergency medicine and psychological warfare, while in the U.S. Coast Guard.

9.  On November 23, 2010, University of Oregon confirmed that HILLAR attended the University from 1970 - 1973, but no Ph.D. was awarded.

10. HILLAR has provided training and instruction for the Monterey Institute for International Studies among others.  Records indicate HILLAR has been teaching at the Monterey Institute since the spring of 2005.  During his tenure at the Monterey Institute, HILLAR has taught a total of twelve (12) courses/workshops.  The official at Monterey Institute who hired HILLAR told your affiant that the decision to hire HILLAR was based upon HILLAR's experience and credentials including, but not limited to, his experience in the U.S. Army Special Forces, and his educational background including a Ph.D.

11. According to Monterey Institute records, HILLAR was paid a cumulative amount of $32,500.00 via checks.  All of the checks were mailed by the Monterey Institute.  Since October 2005, those checks have been mailed to 472 Old Orchard Circle, Millersville, MD 21108, the location to be searched.  Each payment mailed by the Monterey Institute for the twelve (12) courses taught constitutes a violation of 18 USC Section 1341. During the week of November 20, 2010, the President of the Monterey Institute provided guidance to any and all students who had taken courses provided by HILLAR to re-register for substitute courses at no cost to the student.

4

11-309-BPG

12. Sometime prior to July 7, 2010, HILLAR submitted to the Monterey Institute a Statement requesting payment in the amount of $3,000 for teaching a workshop titled, "Tactical Counter Terrorism" on April 16-18, 2010. Documents indicate the statement was processed for payment by the Monterey Institute on June 29, 2010 and a check was issued and mailed to HILLAR on or about July 7, 2010. That check was subsequently deposited by HILLAR in a checking account in his name on July 23, 2010.

13. Based on the foregoing information, I submit that there is probable cause to believe that William G. HILLAR committed violations of Title 18, United States Code, Sections 1341 (mail fraud); to wit: on or about July 7, 2010, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, that is, an envelope containing a check in the amount of $2,145 from the Monterey Institute of International Studies, Monterey, California, to William G. Hillar, 472 Old Orchard Circle, Millversville, Maryland.

11-309-BPG

I affirm under penalty of perjury that the facts and circumstances outlined in this

Affidavit are true and accurate to the best of my knowledge and belief.

David A. Rodski
Special Agent
Federal Bureau of Investigation

Sworn and subscribed before me on this ___21st___ day of January, 2011

BETH P. GESNER
UNITED STATES MAGISTRATE JUDGE

6